IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LAKENDRICK WARD, 1290778,          )<br>       Petitioner,          )<br>          )<br>v.          )<br>          )<br>RICK THALER, Director, Texas          )<br>Dept. Of Criminal Justice, Correctional          )<br>Institutions Division,          )<br>       Respondent.          ) | No. 3:09-CV-1549-D |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

**I. Parties**

Petitioner is an inmate in the Texas Department of Criminal Justice, Institutional Division (TDCJ-CID). He brings this petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. Respondent is Rick Thaler, Director of TDCJ-CID.

**II. Background**

On March 4, 2005, Petitioner was convicted of murder and sentenced to twenty-nine years confinement. *State of Texas v. Lakendrick C. Ward*, No. F-0449254-VK (Crim. Dist. Ct. No. 4, Dallas County, Tex., Mar. 4, 2005). On October 26, 2006, Petitioner's conviction and sentence were affirmed on direct appeal. *Ward v. State*, No. 05-05-00366-CR (Tex. App. – Dallas, pet. ref'd). On April 18, 2007, the Texas Court of Criminal Appeals denied Petitioner's

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge**          Page -1-

petition for discretionary review. *Ward v. State*, PDR No. 178-07.

On April 24, 2008, Petitioner filed a state habeas petition. *Ex parte Ward*, No. 70,654-02. On May 13, 2009, the Texas Court of Criminal Appeals denied the petition without written order on the findings of the trial court.

On August 7, 2009, Petitioner filed this federal petition for habeas relief. Petitioner argues:

(1) he received ineffective assistance of counsel during the punishment phase because his counsel did not inform him that he had the right to testify;

(2) he received ineffective assistance of counsel when counsel failed to have him appear for the motion for new trial;

(3) he was denied a fair trial because jurors believe he was guilty when he did not testify;

(4) the prosecutor committed misconduct by misstating the law; and

(5) the trial court abused its discretion by overruling Petitioner's objection to the prosecutor's closing arguments.

On November 24, 2009, Respondent filed a motion to dismiss arguing that the petition is barred by limitations. On December 29, 2009, Petitioner filed a response. The Court now finds the petition should be dismissed as time-barred.

## II. Discussion

### A.  Statute of Limitations

Petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the AEDPA

governs the present petition. *See Lindh v. Murphy*, 521 U.S. 320, 117 S. Ct. 2059, 2068, 138 L. Ed. 2d 481 (1997). The AEDPA establishes a one-year statute of limitations for federal habeas proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996).

In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. 28 U.S.C. § 2244(d)(1)(A).[1] This period is tolled while a properly filed motion for state post-conviction relief or other collateral review is pending. *Id.* § 2244(d)(2).

The Fifth District Court of Appeals affirmed Petitioner's conviction on October 26, 2006. On April 18, 2007, the Texas Court of Criminal Appeals denied the petition for discretionary review. The conviction became final ninety days later, on July 17, 2007. *See* Sup. Ct. R. 13; *see*

---

[1] The statute provides that the limitations period shall run from the latest of--

> (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;
>
> (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

*also Roberts v. Cockrell* 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further direct review expires regardless of when mandate issues). Petitioner then had one year, or until July 17, 2008, to file his federal petition.

The filing of a state application for habeas corpus tolls the statute of limitations. *See* 28 U.S.C. § 2244 (d)(2). On April 24, 2008, Petitioner filed a state habeas petition. At the time he filed his petition, 282 days had elapsed on his limitations period. The state petition tolled the limitations period until May 13, 2009, when the Court of Criminal Appeals denied the petition. Petitioner then filed his federal petition 82 days later, on August 7, 2009. At that time, 367 days had elapsed on the limitations period. Although the year 2008 was a leap year, the federal petition was still filed one day late.

**B.    Equitable Tolling**

Petitioner argues his federal petition is timely because he placed his state petition in the prison mail system on April 21, 2008, although his state petition was not received by the court until April 24, 2008. He claims that his state petition should be deemed as filed on April 21, 2008.

Although federal pleadings are considered filed on the date the prisoner gives his pleading to prison officials, the Fifth Circuit has held that the mailbox rule does not extend to filing dates for state habeas applications. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999); *Howland v. Quarterman*, 507 F.3d 840, 844 (5th Cir. 2007). "Instead, when a prisoner asserts that his ability to file a federal habeas petition has been affected by a state proceeding, we will examine the facts to determine whether the prisoner is entitled to equitable tolling under § 2244(d)(1). *Coleman*, 184 F.3d at 402.

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996)). Petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

In this case, Petitioner has not shown that he was misled by the state or prevented in some extraordinary way from asserting his rights. Petitioner waited 282 days before filing his state application. After his state application was denied, he waited 82 days to file his federal application. Petitioner has not shown that he diligently pursued his habeas remedies. *See Coleman,* 184 F.3d at 402 (stating that for equitable tolling to apply, the applicant must diligently pursue habeas corpus relief). Additionally, "neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling." *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) (citing *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir. 1991)). Petitioner has not shown that he is entitled to equitable tolling.

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**          Page -5-

**RECOMMENDATION**:

The Court recommends that the petition for a writ of habeas corpus be dismissed with prejudice as barred by the one-year limitation period.  *See* 28 U.S.C. §2244(d).

Signed this 14th day of July, 2010.

_____
**PAUL D. STICKNEY**
**UNITED STATES MAGISTRATE JUDGE**

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

**of the United States Magistrate Judge**          Page -7-