IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LAKENDRICK WARD, 1290778, | § | |
| | § | |
| Petitioner, | § | |
| | § | Civil Action No. 3:09-CV-1549-D |
| VS. | § | |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## ORDER OF RE-REFERENCE

The court declines to adopt the July 14, 2010 findings, conclusions, and recommendation of the magistrate judge, and it re-refers this case to the magistrate judge for further proceedings.

The magistrate judge recommends that the habeas petition of Lakendrick Ward ("Ward") be dismissed as time-barred. Although the court computes the time-period slightly differently, it ultimately agrees with the magistrate judge that Ward filed his federal habeas petition on the 367th countable day when he deposited it in the state prison mail system on August 7, 2009. The court does not agree at this point, however, with the magistrate judge's findings and conclusion regarding equitable tolling.

The magistrate judge understands Ward to argue that he placed his state habeas petition in the state prison mail system on April 21, 2008. In fact, Ward has adduced evidence that the Dallas County District Clerk *received* his petition on April 21, 2008, a Monday. But the Dallas County District Clerk did not file Ward's petition until April 24, 2008, a Thursday. This three-day delay, over which Ward had no control, has the effect in this case of barring Ward's federal habeas petition. It could be argued, of course, that Ward could have taken this three-day delay into account during

the substantial remaining period (over 80 days) that followed the May 13, 2009 denial of his state habeas petition, and he could have placed his federal petition in the prison mail system a few days sooner. But the court concludes that the magistrate judge should reconsider the issue of equitable tolling in the first instance given that he does not appear to have focused on the conduct of the Dallas County District Clerk and appears to have assumed that Ward is contending that he placed his state habeas petition in the prison mail system on April 21, 2008 (rather than asserting that it was *received* on that date).

The court therefore re-refers this matter to the magistrate judge to reconsider whether the limitations bar should be excused based on equitable tolling. If he concludes that equitable tolling should not apply, he may recommend dismissal anew. If he concludes that equitable tolling does apply, he should then consider Ward's petition as in the case of a petition that is not time-barred.

**SO ORDERED**.

September 27, 2010.

　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　SIDNEY A. FITZWATER
　　　　　　　　　　　　　　　　　　　CHIEF JUDGE