IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **LAKENDRICK WARD, 1290778,** | ) |
| Petitioner, | ) |
| | ) |
| v. | )   No. 3:09-CV-1549-D |
| | ) |
| **RICK THALER, Director, Texas** | ) |
| **Dept. Of Criminal Justice, Correctional** | ) |
| **Institutions Division,** | ) |
| Respondent. | ) |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

**I. Parties**

Petitioner is an inmate in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID). He brings this petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. Respondent is Rick Thaler, Director of TDCJ-CID.

**II. Background**

On March 4, 2005, Petitioner was convicted of murder and sentenced to twenty-nine years confinement. *State of Texas v. Lakendrick C. Ward*, No. F-0449254-VK (Crim. Dist. Ct. No. 4, Dallas County, Tex., Mar. 4, 2005). On October 26, 2006, Petitioner's conviction and sentence were affirmed on direct appeal. *Ward v. State*, No. 05-05-00366-CR (Tex. App. – Dallas, pet. ref'd). On April 18, 2007, the Texas Court of Criminal Appeals denied Petitioner's

petition for discretionary review. *Ward v. State*, PDR No. 178-07.

On April 24, 2008, Petitioner filed a state habeas petition. *Ex parte Ward*, No. 70,654-02. On May 13, 2009, the Texas Court of Criminal Appeals denied the petition without written order on the findings of the trial court.

On August 7, 2009, Petitioner filed this federal petition for habeas relief. Petitioner argues:

(1) he received ineffective assistance of counsel during the punishment phase because his counsel did not inform him that he had the right to testify;

(2) he received ineffective assistance of counsel when counsel failed to have him appear for the motion for new trial;

(3) he was denied a fair trial because jurors believe he was guilty when he did not testify;

(4) the prosecutor committed misconduct by misstating the law; and

(5) the trial court abused its discretion by overruling Petitioner's objection to the prosecutor's closing arguments.

On November 24, 2009, Respondent filed a motion to dismiss arguing the petition is barred by limitations. On December 29, 2009, Petitioner filed a response. On July 14, 2010, the Court entered Findings, Conclusions and a Recommendation ("Findings") that the petition be dismissed as barred by limitations. On September 27, 2010, the District Court declined to adopt the Findings and re-referred this action. On May 18, 2011, the Court entered Findings that Respondent's motion to dismiss the petition as barred by limitations be denied. On August 9, 2011, the District Court adopted the findings. On September 30, 2011, Respondent filed his

answer to the petition. On January 4, 2012, Petitioner filed a reply. The Court now determines the petition should be denied.

## III. Factual Background

The following factual background is taken from the opinion of the Texas Fifth District Court of Appeals.

> The testimony revealed that three people saw appellant at the Dallas Inn on the night of November 29, 2003 and the early morning hours of November 30, 2003. Two of these actually witnessed the crime and identified appellant as the person they saw shoot West. A fourth witness, who was not at the Dallas Inn that night, testified appellant told her before November 29 that he was going to kill West over drugs and money. She also testified appellant called her after November 30 and told her he had killed West. Appellant's cell phone records showed he made thirteen calls to the Dallas Inn within two hours after the incident. One of the eyewitnesses testified appellant called her the day of the incident and asked if West was dead.
>
> The evidence also showed that the two eyewitnesses gave statements to police and that their statements were inconsistent with each other about some details of the incident. Additionally, portions of their trial testimony conflicted with their statements. All but one of the witnesses at the Dallas Inn that night had been using drugs and admitted they were high when the incident occurred. The only witness not using drugs that night initially identified another person, Sylvester Hampton, as the shooter. Hampton was one of two other suspects identified during the investigation. The other suspect was never interviewed. Fingerprints taken from the crime scene did not match appellant's prints and were not compared to Hampton's or the other suspect's prints.

*Ward v. State*, No. 05-05-00366-CR at 2-3.

## IV. Discussion

### A. Standard of Review

The pertinent terms of the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), 28 U.S.C. § 2254, provide:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the

      adjudication of the claim –

      (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

      (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

28 U.S.C.A. § 2254(d). Under the "contrary to" clause, a federal habeas court may grant the writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts. *See Williams v. Taylor*, 529 U.S. 362, 380-84 (2000). Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court identifies the correct governing legal principle from the United States Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. *See Williams*, 529 U.S. at 307.

**B.**     **Ineffective Assistance of Counsel**

To sustain a claim of ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so gravely as to deprive Petitioner of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*.

Even if counsel is proven deficient, a petitioner must prove prejudice. To prove such

prejudice, Petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id*. "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id*. (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

   1.   **Right to Testify**

Petitioner argues his counsel was ineffective because she failed to inform him that he had the right to testify on his own behalf. On state habeas review, defense counsel submitted an affidavit stating:

> Prior to trial, I fully informed Mr. Ward that he had the right to testify and, that if he did testify, he would be subject to cross-examination. I informed him of the advantages, disadvantages and pitfalls of testifying. I fully informed him of the rules of etiquette for testifying – such as making eye-contact with the jury, listening to the questions, that he should answer only the question being asked, that "I don't know," can be an answer, and not to fight or argue with the prosecutor.

(*Ex parte Ward*, No. 70,654-02 at114.) The state habeas court also found that the trial court provided the jury voir dire a lengthy explanation of Petitioner's right to testify, and that Petitioner was present for the court's explanation. (*Id*. at 122.) The court therefore denied this claim.

Petitioner, however, argues that during the motion for new trial, defense counsel "admitted she was ineffective for failing to advise the petitioner of his right to testify." (Pet. Reply at 9.) Petitioner misreads the record. During the hearing on Petitioner's motion for new

trial, defense counsel argued that the jury improperly considered Petitioner's decision not to testify. Defense counsel argued that she provided Petitioner with ineffective assistance of counsel because she did not advise Petitioner that the jury might disregard the court's instruction not to hold Petitioner's decision not to testify against him. (*Ex parte Ward*, No. 70,654-02 at 69.)

This Court finds Petitioner has failed to show that the state court's denial of this claim was contrary to or involved an unreasonable application of clearly established federal law or was based on an unreasonable determination of the facts in light of the evidence presented.

### 2. Motion for New Trial

Petitioner argues his counsel was ineffective because she failed to have him present in court for the motion for new trial. The record shows defense counsel did not have Petitioner present for the motion because he had already left the Dallas County jail and was incarcerated in TDCJ. (*Id*. at 65-66.) Defense counsel also stated she intended to offer only legal arguments during the motion. (*Id*.)

The record shows defense counsel argued that jurors impermissibly considered Petitioner's decision not to testify. Counsel attempted to introduce into evidence an affidavit from her investigator stating the investigator telephoned jurors and at least two jurors stated the jury considered Petitioner's decision not to testify and some jurors held this against Petitioner. (*Id*. at 66.) Counsel also attempted to introduce the transcripts of the investigator's telephone calls with two jurors. (*Id*. at 73.) The court found the evidence inadmissible under Tex. R. Evid. 606(b). The evidence was then placed under a bill of exceptions for appellate review. (*Id*. at 73-74.) Defense counsel offered no other evidence or argument in support of the motion for new

trial. The prosecutor offered only legal arguments in rebuttal. Petitioner has failed to show that he suffered the required prejudice to sustain his claim for ineffective assistance of counsel. Petitioner's claim should be denied.

## C.     Procedural Bar

Petitioner argues the jury committed misconduct when it considered his decision not to testify. He also claims the trial court erred by denying his objection to the prosecutor's closing argument. Respondent argues these claims are procedurally barred.

Federal courts may not review a state court decision that rests on an adequate and independent state procedural default, unless the habeas petitioner shows cause for the default and "prejudice attributable thereto" or demonstrates that the failure to consider the federal claim will result in a "fundamental miscarriage of justice." *Harris v. Reed*, 489 U.S. 255, 262 (1989).

### 1.     Jury Misconduct

In this case, Petitioner failed to raise the jury misconduct claim on direct appeal. On state habeas review, the court held that this claim was therefore procedurally barred. (*Ex parte Ward*, No. 70,654-02 at 123). When the last state court to review a claim clearly and expressly states that its judgment rests on a procedural bar, the procedural default doctrine generally bars federal review. *Id*; *Lowe v. Scott*, 48 F.3d 873, 875 (5th Cir. 1995).

To overcome the procedural bar, a petitioner must demonstrate: (1) cause for the procedural default and actual prejudice as a result of the alleged violation of federal law; or (2) that failure to consider his claims will result in a fundamental miscarriage of justice." *Id*. at 524.

In this case, Petitioner argues he raised this claim in his direct appeal. A review of his direct appeal, however, shows the claim was not raised. (*Ex parte Ward*, No. 70,654-02 at 131.)

Petitioner has shown no cause for the procedural default.

Petitioner has also failed to demonstrate the need to prevent a miscarriage of justice. This exception is "confined to cases of actual innocence, 'where the petitioner shows, as a factual matter, that he did not commit the crime of conviction.'" *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999). To establish the required probability that he was actually innocent, a petitioner must support his allegations with new, reliable evidence that was not presented at trial and must show it was more likely than not that no reasonable juror would have convicted him in light of the new evidence. *Id*. (citing *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). Petitioner has presented no new, reliable evidence showing that it was more likely than not that no reasonable juror would have convicted him. Petitioner has not overcome the state procedural bar. Accordingly, the procedural default doctrine bars federal habeas relief on this claim.

**2. Closing Argument**

Respondent also argues Petitioner's claim that the trial court erred by denying his objection to the prosecutor's closing argument is procedurally barred because Petitioner failed to raise this claim on direct appeal. Although the state habeas court found that Petitioner failed to raise this claim on direct appeal, that finding is not supported by the record. (*Ex parte Ward*, No. 70,654-02 at 122.) Petitioner's state appellate brief did raise this claim. (*Id*. at 169.) The Court therefore finds the claim is not procedurally barred.

**D. Prosecutorial Misconduct**

Petitioner argues the prosecutor committed misconduct during closing arguments by shifting the burden of proof to Petitioner.

Prosecutorial misconduct implicates due process concerns. *Foy v. Donnelly*, 959 F.2d

1307, 1316 (5th Cir. 1992). When a petitioner asserts a due process violation, the Court must determine whether the prosecutorial comments "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)).

In federal habeas actions, improper jury argument by the state does not present a claim of constitutional magnitude unless it is so prejudicial that the petitioner's state court trial was rendered fundamentally unfair within the meaning of the Fourteenth Amendment's Due Process Clause. To establish that a prosecutor's remarks are so inflammatory as to prejudice the substantial rights of a defendant, the petitioner must demonstrate either persistent and pronounced misconduct or that the evidence was so insubstantial that, in probability, but for the remarks no conviction would have occurred. *Felde v. Blackburn*, 795 F.2d 400, 403 (5th Cir. 1986) (citations omitted).

In this case, Petitioner argues the following arguments by the prosecutor shifted the burden of proof to the defense by arguing that the defense could have investigated the other suspects:

> You know, I know for a fact that you have heard from not one, but two investigators, in the Public Defender's Office in this place. They have investigators, folks, and they are passionate about representing their client. You have seen that. You know, those fingerprint cards, that whiskey bottle, they have been down to DPD since November 30 of 2003, and if they wanted to get Brian Turner's prints compared or Sylvester Hampton's or any other Black in that packet, one of the two investigators that you have heard from, from the Public Defender's Office could have marched down there and got those fingerprints and compared them to anybody they wanted to. They could have done that. They could have done that.

(Trial Tr. Vol 5 at 187-188.)

The state appellate court consider this claim. The court determined the prosecutor's

argument was a proper response to defense counsel's closing arguments. The court stated:

> [C]ounsel criticized the police department's failure to compare the fingerprints take from the crime scene to those of other suspects; its failure to obtain telephone records from other suspects to see if they made or received calls to or from the Dallas Inn; and its failure to identify a potential suspect. At one point, referencing other suspects' telephone records that were not subpoenaed, defense counsel argued, "Of course, you don't have that evidence because the State controls that. And they didn't bring you that." Defense counsel argued that the "cops . . . get to decide what witnesses or suspects to interview. They get to decide what phone records to pull. They get to decide what evidence is presented to you. . . .

*Ward v. State*, No. 05-05-00366-CR at 8.

The Court finds Petitioner has failed to show the state court's decision to deny this claim was contrary to or involved an unreasonable application of clearly established federal law or was based on an unreasonable determination of the facts in light of the evidence presented. As the Fifth Circuit has determined, the prosecutor may respond to closing arguments by the defense, and this response does not shift the burden of proof. *United States v. Stephens*, 571 F.3d 401, 408 (5th Cir. 2009) (finding prosecutor's remark that both sides could subpoena witnesses not improper) (citing *United States v. Palmer*, 37 F.3d 1080) (5th Cir. 1994)). Petitioner's claim should be denied.

**E.    Trial Error**

Petitioner argues the trial court committed error when it overruled his objection to the prosecutor's closing argument. Petitioner objected that the prosecutor's argument that Petitioner could have tested evidence improperly shifted the burden of proof to Petitioner. As discussed above, the prosecutor's comments were a proper response to the defense counsel's closing arguments. Petitioner's claim should be denied.

**F.    Summary**

Petitioner is lawfully restrained because he has failed to prove that he has been denied a constitutionally protected interest. Accordingly, the state courts' determination to deny relief is not contrary to or does not involve an unreasonable application of clearly established federal law and is not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

**RECOMMENDATION**:

The Court recommends that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be DENIED.

Signed this 17th day of January, 2012.

_____
**PAUL D. STICKNEY**
**UNITED STATES MAGISTRATE JUDGE**

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).